1:24 MJ 4037

## AFFIDAVIT

I, Theresa Tymoszczuk, hereafter "Affiant," being first duly sworn, hereby depose and state as follows:

1. This affidavit is offered in support of a criminal complaint against Dalvin ROGERS ("ROGERS") and William HARTSON ("HARTSON") for violating Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), (Possession with Intent to Distribute Controlled Substances).

2. I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed since August 2020. I am presently assigned to the Cleveland, Ohio office, where I investigate narcotics trafficking and money laundering activities. I have received training in the detection and investigation of drug trafficking. I have worked narcotics trafficking and money laundering investigations since 2020, during which time I have been involved in narcotics investigations leading to prosecution in U.S. District Courts, as well as state courts.

3. As an HSI Special Agent, I have also conducted online investigations, analyzed pen register and telephone toll data, analyzed financial records, executed controlled deliveries of controlled substances, interviewed witnesses, drafted and executed search warrants, seized illegal drugs and other evidence of drug violations in physical and electronic sources, processed seized evidence, supervised the purchase of controlled substances by confidential sources, conducted undercover purchases of controlled substances in person and online, and debriefed persons arrested and convicted of drug trafficking offenses regarding their illegal activity.

4. I know based on training and experience that drug traffickers often transport controlled substances through airports. I know from my training and experience that drug traffickers often use airports and conceal the narcotics within their baggage. The narcotics are

placed in the baggage containers and are often concealed in airtight containers or wrapped in substances to help conceal the odor of the narcotics from canine detection.

5. I know that drug traffickers often use cellular telephones to further their drug trafficking activities. Drug traffickers often use social media and messaging services to communicate about drug trafficking and they often share photographs of their controlled substances and cash proceeds.

6. I know that drug traffickers typically possess evidence of their drug trafficking activities in their homes, including controlled substances, drug trafficking paraphernalia, and the cash proceeds from their drug trafficking.

7. I know that the current estimated value of a kilogram of cocaine in the Northern District of Ohio is approximately $20,000.00.

8. The information in this Affidavit is based on Affiant's personal knowledge, information provided by other law enforcement officers and individuals, and the reports and memoranda of other law enforcement officers. The information in this affidavit is provided for the limited purpose of establishing probable cause related to the commission of a federal offense. The information is not a complete statement of all the facts relating to this case.

## FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE

9. On or about March 4, 2024, HSI Special Agents and United Postal Inspection Service Inspectors, and HSI Task Force Officers (TFOs) encountered Dalvin ROGERS and William HARTSON who were traveling together from the Los Angeles International Airport, California to the Cleveland Hopkins International Airport.

10. At approximately 8:36 p.m., law enforcement initiated surveillance on ROGERS and HARTSON as they exited their flight, United Airlines flight number 554, from

Los Angeles, California. HARTSON and ROGERS walked to baggage claim together. ROGERS was observed walking back and forth and looking around when he approached the baggage claim area.

11.     Law enforcement identified the checked bags for United Airlines flight number 554. Law enforcement identified ROGERS and HARTSON each had a checked bag in their name. Law enforcement found the checked bags belonging to ROGERS and HARTSON at the airport employee baggage claim area before they were placed on the carousel for passenger pick up. The bags had an airline luggage tag on each of them with ROGERS' and HARTSON'S last names on them.

12.     At 9:05 p.m., in the airport employee baggage claim area, a reliable law enforcement canine trained to detect the odor of narcotics alerted to the presence of the odor of narcotics from each bag which had been checked during the flight by ROGERS and HARTSON. Law enforcement then placed ROGERS' and HARTSON'S checked bags on the carousel with the other checked bags from the flight. Law enforcement maintained surveillance on the bags and on ROGERS and HARTSON.

13.     At 9:07 p.m., law enforcement observed ROGERS and HARTSON each grab their checked bag which had the airline baggage tag with their last name on it from the baggage carousel. ROGERS and HARTSON walked toward the escalator with their bags and rode it up to the next level of the airport

14.     At 9:08 p.m., HARTSON was consensually encountered after departing the escalator on the arrivals floor in the Cleveland Hopkins Airport. During this encounter, HARTSON claimed that the bag was not his, but gave verbal consent for law enforcement to search his checked luggage bag. A search of HARTSON's checked bag revealed concealed

3

bricks of suspected drugs wrapped in towels. Law enforcement then asked HARTSON to come with them to the HSI office in the Cleveland Hopkins Airport to be interviewed.

15. Law enforcement conducted a recorded interview of HARTSON. HARTSON told law enforcement again that it was not his bag. HARTSON helped HSI TFO Gibbons unzip the suitcase. HARTSON stated the bag belonged to someone else. During the interview, law enforcement advised HARTSON of his *Miranda* rights to which HARTSON stated he understood. A search of HARTSON'S checked bag revealed three compressed bricks wrapped in wet towels. HARTSON told law enforcement he went to L.A. (Los Angeles) on Saturday with his friend, ROGERS.

16. At 9:08 p.m., ROGERS was consensually encountered by law enforcement after departing the escalator on the arrivals floor in the Cleveland Hopkins Airport. During this encounter, ROGERS told law enforcement the bag was not his, but gave verbal consent for law enforcement to search his checked luggage bag. A search of ROGERS' checked bag revealed concealed bricks of suspected drugs in a sealed bag wrapped in towels.

17. Law enforcement verbally advised ROGERS of his *Miranda* rights while seated outside of the HSI Cleveland Hopkins Airport Office waiting to be interviewed. ROGERS stated he understood his rights and agreed to speak with law enforcement. Law enforcement then escorted ROGERS to the HSI office in the Cleveland Hopkins Airport to be interviewed.

18. Law enforcement conducted an audio and video recorded interview with ROGERS. ROGERS again stated that the bag was not his, and someone gave it to him. HSI TFO Gibbons asked ROGERS why the towels in the checked bag were wet, and he told him it was from the shower. A search of ROGERS' checked bag revealed three compressed bricks of suspected drugs. Law enforcement confirmed that ROGERS understood his Rights and wanted

4

to speak with law enforcement. During this interview, ROGERS stated he went to L.A. (Los Angeles) with HARTSON. ROGERS stated he did not know who paid for the plane ticket. ROGERS stated he gave the checked bag to the airline in Los Angeles. ROGERS did not know how the compressed bricks of suspected drugs got in the bag. ROGERS stated he didn't know what was going on.

19. Law enforcement field-tested the substance in each bag and the substance tested positive for cocaine, a Schedule II Controlled Substance. ROGERS' bag contained 3.84 kilograms of suspected cocaine and HARTSON'S bag contained 3.79 kilograms of suspected cocaine. The total weight of the suspected cocaine was approximately 7.63 kilograms. I know from my training and experience that a kilogram of cocaine is a distribution amount and is not for personal use.

20. Based upon the evidence included herein, there is probable cause to believe that ROGERS and HARTSON Possessed with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

_____
Theresa Tymoszczuk
Special Agent
Homeland Security Investigations

Sworn to via telephone after submission by
reliable electronic means,
this 06th day of March 2024.

JONATHAN D. GREENBERG
U.S. MAGISTRATE JUDGE